**FILED**

KENNETH J. MURPHY
CLERK
03 OCT -2 PM 1:10

FILED
OCT  1 2003
LEONARD GREEN, Clerk

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 01-4331

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 00-944
SJD

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| Ali Arani, M.D., <br><br> *Plaintiff-Appellant,* <br><br> v. <br><br> TriHealth Inc.; Bethesda Hospital, Inc.; The Ohio Heart Health Center, Inc.; Comprehensive Cardiology Consultants, Inc.; Patrick D. Shea, M.D.; Pete L. Caples, M.D.; Christopher J. Thoresen, M.D.; Theodore J. Waller, M.D.; Joe N. Hackworth, M.D.; Fred Jenkins Jr., M.D.; and Ned Mehlman, M.D., <br><br> *Defendants-Appellees.* | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO <br><br> **O P I N I O N** <br><br> **NOT RECOMMENDED FOR FULL-TEXT PUBLICATION** <br> Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court. <br> This notice is to be prominently displayed if this decision is reproduced. |

**BEFORE:     SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.**

**R. GUY COLE, JR., Circuit Judge.**  Plaintiff-Appellant Dr. Ali Arani appeals the district court's dismissal of his federal antitrust claims against Defendants-Appellees TriHealth, Inc. ("TriHealth"), Bethesda Hospital, Inc. ("Bethesda"), The Ohio Health Center, Inc. ("Ohio Heart"), Comprehensive Cardiology Consultants, Inc. and various physicians who are members of the cardiology section of Bethesda North, a hospital owned and operated by Bethesda (collectively "Defendants").  The United States District Court for the Southern District of Ohio dismissed Dr. Arani's claims for failure to state a claim under the Sherman Act and declined to exercise jurisdiction over his state law claims.  Dr. Arani argues that the district court erred in concluding that

*No. 01-4331*
*Arani v. TriHealth, et al.*

he failed to allege a relevant geographic market within which the conduct of Appellees produced an anticompetitive effect.

For the reasons stated below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

### A. Factual Background

Dr. Arani is a board-certified internist who also performs noninvasive cardiology procedures at hospitals in the Greater Cincinnati, Ohio metropolitan area. Between 1980 and 1999, he was a member of a panel of doctors at Bethesda North (the "Panel") who interpreted electrocardiograms ("EKGs") and Holter Monitor results. These two tests are ordered by physicians and used to evaluate patients with heart conditions. Dr. Arani earned approximately $25,000 annually for interpreting the tests.

TriHealth was formed in 1995 as a partnership to operate Bethesda North and Good Samaritan Hospital. Prior to 1999, Bethesda assigned particular days to perform test evaluations to those physicians on its Medical Staff who were qualified to evaluate the tests. After the formation of TriHealth, cardiologists from Good Samaritan Hospital expressed interest in becoming members of the Panel. In 1998, Defendant Dr. Patrick D. Shea formed the Cardiology Panel Subcommittee to reevaluate the method that Bethesda used for assigning physicians to interpret EKGs and Holter Monitor results at Bethesda North. The Subcommittee recommended, and Bethesda adopted, a new policy for doing so (the "Policy").

The Policy provided that membership on the Panel would be determined on the basis of a formula that awarded points to physicians based on their performance of tasks such as consultations,

*No. 01-4331*
*Arani v. TriHealth, et al.*

serving as a medical staff officer or on a hospital committee, supporting the hospital's residency

program or teaching a continuing medical education course. Under this system, Dr. Arani was

excluded from the Panel of which he was a member for nearly twenty years. His exclusion, as well

as that of most of the physicians from Good Samaritan Hospital who expressed interest in serving

on the Panel, occurred principally because the point system benefitted cardiologists who performed

invasive procedures at Bethesda North.

### B. Procedural Background

Dr. Arani filed a complaint on November 9, 2000 against Appellees. He alleged that the

Policy constituted an unlawful restraint on trade in violation of Sections 1 and 2 of the Sherman Act,

15 U.S.C. §§ 1, 2. He also alleged that under Ohio state law, the various physicians who developed

the Policy intentionally interfered with his economic relationship with Bethesda. On January 8,

2001, pursuant to Fed. R. of Civ. P. 12(b)(6), Defendants moved to dismiss the complaint for failure

to state a claim. Dr. Arani filed a response on March 1, 2001 and filed a First Amended Complaint

on March 22, 2001. On November 14, 2001, the district court granted Defendants' motion to

dismiss Dr. Arani's antitrust claims and declined to exercise supplemental jurisdiction over his state

law claims. Dr. Arani filed a timely Notice of Appeal on December 13, 2001.

*No. 01-4331*
*Arani v. TriHealth, et al.*

## II. ANALYSIS

### A. Standard of review

We review *de novo* a district court's decision to dismiss a claim pursuant to Rule 12(b)(6).

*Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). The complaint may be dismissed only

if the plaintiff has failed to allege facts that, if true, would entitle him to relief. *Buchanan v. Apfel*,

249 F.3d 485, 488 (6th Cir. 2001).

### B. Sherman Act § 1

The district court correctly concluded that the alleged restraint was permitted by §1 of the

Sherman Act. Because every contract inherently restrains trade, § 1 applies only to unreasonable

restraints of trade. *Arizona v. Maricopa County Med. Soc'y*, 457 U.S. 332, 342-343 (1982). Dr.

Arani agrees that the Policy does not fall within the category of restraints that §1 considers to be *per*

*se* illegal, and thus he must demonstrate that the restraint is prohibited by the so-called "rule-of-

reason." To do so, a plaintiff must allege facts sufficient to prove:

> (1) that the antitrust defendant contracted, combined, or conspired; (2) that the
> combination or conspiracy produced adverse anticompetitive effects (3) within
> relevant product and geographical markets; (4) that the objects of and conduct
> pursuant to that contract or conspiracy were illegal; and (5) that the plaintiff was
> injured as a proximate result of that conspiracy.

*Int'l Logistics Group, Ltd v. Chrysler Corp.*, 884 F.2d 904, 907 (6th Cir. 1989).

Under this standard, Dr. Arani has not met his initial burden of alleging facts sufficient to

demonstrate that the Policy produces anti-competitive effects. Dr. Arani acknowledges that the

federal antitrust laws are designed to protect consumers, not competitors. However, he alleges no

facts that might demonstrate that the Policy deprives consumers of physicians to evaluate heart tests.

- 4 -

*No. 01-4331*
*Arani v. TriHealth, et al.*

Although Dr. Arani does allege that there has been considerable concentration in the Greater Cincinnati area hospital market, he also acknowledges that there are still close to ten hospitals in the Greater Cincinnati area. As the district court properly concluded, this circumstance overwhelmingly suggests that Bethesda North must compete with many other local hospitals.

Even if we accept Dr. Arani's invitation to limit the relevant market to the affluent suburbs of eastern Cincinnati, he does not allege that the number of hospitals in this area is so small as to suggest that Bethesda North has market power. Although his omission alone does not compel the conclusion that there is a competitive market, Dr. Arani's complaint also fails to allege any facts – such as substantial price increases at Bethesda North, or the inability of doctors dismissed by Bethesda North to find alternative employment in their field – that would suggest an absence of meaningful alternatives for consumers unhappy with the quality or cost of care at Bethesda North.

Dr. Arani contends that the context-specific nature of antitrust analysis demands that discovery be permitted in this case. Because he does not know – and cannot know without formal discovery – the specific percentage of the cardiac-testing market that Bethesda North controls, Dr. Arani maintains that his allegations of mere increased concentration should suffice to advance the case to the discovery phase, where he can then gather the more specific marketplace information necessary to meet the Sherman Act requirements. To dismiss prior to discovery, contends Dr. Arani, creates a Catch-22: he cannot survive a Rule 12(b)(6) motion without specific market information, but he cannot acquire specific market information without surviving a Rule 12(b)(6) motion.

Although Dr. Arani correctly cautions us against dismissing a potentially meritorious claim before a plaintiff has had adequate opportunity to conduct discovery, his argument as applied to this

*No. 01-4331*
*Arani v. TriHealth, et al.*

case proves too much. Since *every* commercial contract restricts competition, to allow a federal

antitrust plaintiff to proceed to discovery based on allegations of market power as generalized as

these could transform nearly every routine business decision into protracted federal litigation.

### C. Sherman Act § 2

For the same reasons, the district court properly dismissed Dr. Arani's allegations of

monopolization under Sherman Act §2. To maintain such a claim, a plaintiff must allege facts

sufficient to show that the defendant willfully acquired or maintained monopoly power in the

relevant market. *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71(1966); *see also Conwood*

*Co., L.P. v. U.S. Tobacco Co.*, 290 F.3d 768, 782 (6th Cir. 2002). The existence of monopoly power

can be established by either: (1) presenting direct evidence of a defendant's exercise of control over

prices or the actual exclusion of competitors; or (2) showing that a defendant has a high market share

in a defined market. *Re/Max Intern., Inc. v. Realty One, Inc.*, 173 F.3d 995, 1016 (6th Cir. 1999).

As noted above, Dr. Arani's complaint concedes the existence of numerous hospitals in the Greater

Cincinnati area, and alleges no specific facts that would otherwise demonstrate that Bethesda North

has monopoly power. *See supra* II.B.

### III. CONCLUSION

For the forgoing reasons, we **AFFIRM** the judgment of the district court.